UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRENDA HAYNES,

        Petitioner,

        -v-

CITY COURT JUDGE JOSEPH FIORELLA,

        Respondent.

**DECISION and ORDER**
10-CV-0843S(F)

---

## **INTRODUCTION**

Petitioner, Brenda Haynes, who has been charged with two counts of criminal possession of a controlled substance in violation of N.Y. Penal Law § 220.03 and is currently awaiting trial in Buffalo City Court on said charges, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, claiming unlawful detention pursuant to the "process of a state court lacking jurisdiction over the crimes charged in violation of [her Fourteenth] Amendment rights to due process and equal protection." (Docket No. 1, Petition, ¶ 22.)

Specifically, petitioner asserts that City Court Judge Fiorella initially dismissed the pending charges against her on the ground that the accusatory instrument was facially insufficient to confer jurisdiction because it was based on evidence and facts legally insufficient to support the offenses charged. The District Attorney's Office "improperly" appealed the dismissal to Erie County Court, where County Court Judge Ditullio acted in excess of her authority when she reversed the dismissal and reinstated the charges.

On September 7, 2010, Judge Fiorella notified petitioner that a trial on the charges was scheduled for September 27, 2010, and that a warrant would issue if she did not

appear. Petitioner appeared on September 27, 2010 at the "alleged criminal proceeding." She was not presented with a "new" accusatory instrument, allowed to enter a plea, or permitted to have subpoenas issued. Petitioner's trial was rescheduled for October 28, 2010. (Petition, ¶ 22, at 7-8.) Her appeal from the County Court's order is pending with the New York State Appellate Division, Fourth Department.

Because there is no indication the petitioner has yet been convicted of the offenses with which she is charged and she has not exhausted her state court remedies, both of which are necessary to the filing of a petition under § 2254, *see, e.g., Burke v. Hardin*, No. 1:09-CV-114, 2010 WL 1417830, at *2 (D.Vt. April 6, 2010), the petition is premature and is dismissed without prejudice. *See* 28 U.S.C. § 2254, 28 U.S.C. § 2241(c)(3); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal).

## DISCUSSION

A federal court has jurisdiction to hear a case under 28 U.S.C. § 2254 when a person in custody pursuant to a state court conviction applies for a writ of habeas corpus on the ground that she is in custody in violation of the Constitution, laws, or treaties of the United States. Petitioner is not in custody pursuant to a state court judgment of conviction inasmuch as she has not yet been convicted. *See, e.g, Bolar v. Pilgrim State Psychiatric Hospital*, No. 07-CV-5445 (NG), 2008 WL 2051029, at *1 (E.D.N.Y. May 13, 2008). Moreover, a person seeking a petition for a writ of habeas corpus, must first exhaust her available state judicial remedies or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)(ii). To meet the exhaustion

requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190-92 (2d Cir.1982). Since it is clear from the face of the petition that petitioner's criminal case is still pending, she is not in custody pursuant to a state court conviction and she has not exhausted her available state court remedies.[1] *See, e.g., Jimoh v. O.B.C.C.*, No. 06-CV-3069 (JG), 2006 WL 2013213, *1 (E.D.N.Y. July 18, 2006). Accordingly, the instant petition is premature and shall be dismissed without prejudice.[2]

## **CONCLUSION**

For the reasons set forth above, the petition is dismissed without prejudice. In addition, because the issues raised here are not the type of issues that a court could

---

[1] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review which runs from the date a conviction is made final as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2] Because petitioner's criminal case is still pending, this petition would also be barred by the Younger abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that principles of comity and federalism require federal courts to abstain from exercising jurisdiction when (1) there is an ongoing state criminal proceeding, (2) the federal claim raises important state interests, and (3) the state proceeding provides an adequate opportunity to raise the constitutional claims. *Id.*; *accord Schlager v. Phillips*, 166 F.3d 439, 442 (2d Cir.1999); *Williams v. Horn*, No. 06-CV-3068 (BMC), 2006 WL 2333874, *1 (E.D.N.Y. Aug.9, 2006). Since there is an ongoing state criminal proceeding, this Court must abstain from exercising jurisdiction.

resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED

Dated: November 2, 2010
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

4